Summers, J.
What right or easement, if any, in the twelve feet driveway the owners of the lots conveyed to Southern had prior to his conveyance to the plaintiffs in error, it is not necessary to determine.
From his deed to the plaintiffs in error it is ap-. parent that Southern intended therein to create or reserve a right to himself and to the owners of lots on Willson avenue a twelve feet strip, for a driveway to use in common with the grantees, and so was created an easement in the land granted appurtenant to the land for the benefit of which it was created and then owned by him.
In Whitney v. Union Railway Co., 11 Gray, 359, 363, Bigelow, J., says: “Every owner of real property has the right to so deal with it, as to restrain its use by his grantees within such limits as to prevent its appropriation to purposes which will impair the value or diminish the pleasure of the enjoyment of the land which he retains. The only restriction on this right is, that it shall be exercised reasonably, with a due regard to public policy, and without creating any unlawful restraint of trade. Nor can there be any doubt that in whatever form such a restraint is placed on real estate by the terms of a grant, whether it is in the technical form of a condition or covenant, or of a reservation or exception in the *306 deed, or by words which give to the acceptance of the deed by the grantee the force and effect of a parol agreement, it is binding as between the grantor and the immediate grantee, and can be enforced against him by suitable process, both in law and equity. ’ ’
And in Coudert v. Sayre, 46 N. J. Eq., 386, 395, Van Fleet, Vice Chancellor, states the following as his conclusions from an examination of a number of authorities: “The doctrine now in force on this subject I understand to be this: that when it appears by the true construction of the terms of a grant that it was the well-understood purpose of the parties to create or reserve a right, in the nature of a servitude or easement, in the property granted, for the benefit of other land owned by the grantor, no matter in what form such purpose may be expressed, whether it be in the form of a condition, or covenant, or reservation, or exception, such right, if not against public policy, will be held to be appurtenant to the land of the grantor, and binding on that conveyed to the grantee, and the right and burthen thus created and imposed will pass with the lands to all subsequent grantees. And any grantee of the land to which such right is appurtenant, acquires, by his grant, a right to have the servitude or easement, or right of amenity, as it is sometimes called, protected in equity, notwithstanding that his right may not rest on a covenant which, as a matter of law, runs with the title to his land, and notwithstanding that it may also be true that he may not be able to maintain an action at law for the vindication of his right.”
It follows that the circuit court was right in con- *307 eluding that the plaintiff below, by her deed, acquired an easement to the driveway over the twelve-foot strip and that she was entitled'to an injunction protecting her in the right to use it, but upon what ground the plaintiffs in error were enjoined from enclosing it by a gate is not apparent.
There is- nothing in the language of the reservation of the right to use the twelve feet as a driveway that indicates that it was to be either open or public. On the contrary it is reserved to be used in common by the owners of property on Willson avenue adjoining the driveway, and by the grantees. The property of plaintiffs in error is not bounded on the east by a public way or street, but by a beer garden, it is said, and the court expressly finds, that the driveway is also used by trespassers who commit nuisances therein, and that the rental value of. plain-, -tiff’s property is reduced thereby.
“Where a right of way is created by reservation, the grantee acquires the property subject only to this right, and may use the land .for all purposes not inconsistent with it. 'The only limitations upon the right of the grantee are such as are necessary to the proper use of the right of way; nothing which is not expressly reserved will be regarded as an incident to the reservation except that which is necessary for such reasonable enjoyment and use.’ Accordingly it was held that the erection of gates or bars at the termini of the way was not an unreasonable interference with its use.”
“The rule is general that the landowner may put gates and bars across a way over his land, which another is entitled to enjoy, unless, of course, there is something in the instrument creating the way, or *308 in the circumstances under which it has been acquired or used, which shows that the way is to be an open one. The easement of way is for passage only. The land remains the property of the owner of the servient estate and he is entitled to use it for any purpose that does not interfere with the easement.” Jones on Easements, secs. 413, 407; Washburn on Easements, 255; Methodist Prot. Church v. Laws, 4 Circ. Dec., 562; 7 C. C. R., 211.
The decree of the circuit court is modified to the extent that it allowed an injunction against the erection and maintenance of a gate, and as so modified, is

Affirmed.

Spear, C. J., Davis, Shauck, Price and Crew, JJ., concur.